948 F.2d 1288
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward Lynn CRUM, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-5885.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1991.
 
 1
 Before BOYLE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges, and HILLMAN, Senior District Judge.*
 
 ORDER
 
 2
 Edward Lynn Crum, a pro se federal prisoner, appeals the denial of his motion to vacate sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Crum entered a guilty plea to charges of robbing a federally insured bank, assaulting and jeopardizing the lives of two bank employees with a dangerous weapon, taking a hostage, and using a firearm in relation to a crime of violence. Before sentencing, he filed a pro se motion to withdraw his plea, arguing that his counsel had been ineffective in failing to advise him that the indictment was subject to dismissal based on violations of the Interstate Agreement on Detainers (IAD) and the Speedy Trial Act. However, his counsel persuaded him to withdraw the motion, and Crum was sentenced to 352 months imprisonment, pursuant to the plea agreement.
 
 
 4
 In his motion to vacate sentence, Crum again raised the claim that he had received ineffective assistance of counsel when his attorney failed to seek dismissal of the indictment for violating the IAD, and when he advised Crum to withdraw his motion to withdraw his plea based on the same argument. He contends that the 120 day period for bringing him to trial under the IAD was triggered in July 1989 when a writ of habeas corpus ad prosequendum was issued on the original indictment filed for these charges. That indictment was subsequently dismissed without prejudice and a new indictment and writ of habeas corpus ad prosequendum issued in March 1990. Crum's claim lacks merit because at the time of the original detainer and writ of habeas corpus he was a pretrial detainee in the Kentucky system. The IAD does not apply to pretrial detainees, but only to those serving sentences following a conviction. See United States v. Currier, 836 F.2d 11, 16 (1st Cir.1987). As there was no violation of the IAD, Crum's counsel was not ineffective in failing to seek dismissal of the indictment or in advising Crum to withdraw his pro se motion.
 
 
 5
 As the record shows conclusively that Crum was not entitled to relief, see Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986), the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, Senior U.S. District Judge for the Western District of Michigan, sitting by designation